FILED

January 12 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 12-0600

DA 12-0600

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 11N

RONALD L. KOHLER and BARBARA J. KOHLER,
husband and wife; THOMAS F. JONES and
RITA A. JONES, husband and wife; DENNIS A. ARNOLD
and GERALDINE N. ARNOLD, husband and wife;
and DEBRA L. SYKES,

        Plaintiffs and Appellees,

    v.

KELLER TRANSPORT, INC.;
WAGNER ENTERPRISES, LLC;
AND DOES 1-10,

        Defendants.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

        Appellants.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 09-1
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Jonathan D. Hacker (argued), O'Melveny & Myers LLP; Washington,
District of Columbia

          Allan H. Baris, Moore, O'Connell & Refling, P.C.; Bozeman, Montana

          Robert J. Slavik, Cozen O'Connor; Seattle, Washington

      For Appellee Debra L Sykes:

          Trent N. Baker, Datsopoulos, MacDonald, & Lind, PC; Missoula,
Montana

For Appellees Tom and Rita Jones, Ronald and Barbara Kohler, and
Dennis and Geraldine Arnold:

> Roger M. Sullivan (argued), McGarvey, Heberling, Sullivan & McGarvey,
> PC; Kalispell, Montana

> Timothy M. Bechtold, Beachtold Law Firm PLLC; Missoula, Montana

> Alan J. Lerner, Lerner Law Firm; Kalispell, Montana

For Amici Montana Trial Lawyers Association:

> John L. Amsden, Beck & Amsden, PLLC; Bozeman, Montana

Argued: September 11, 2015
Submitted: September 16, 2015
Decided: January 12, 2016

Filed:

_____
Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Westchester Surplus Lines Insurance Company (Westchester) appeals from an order by the Twentieth Judicial District Court, Lake County, which denied Westchester's motion to intervene to contest the reasonableness of a stipulated judgment entered between its insureds, Defendants Keller Transport, Inc. (Keller) and Wagner Enterprises, LLC (Wagner), and the Plaintiffs (Homeowners). We affirm.

¶3 The factual and procedural background of this matter is fully set forth in our opinion in *Westchester Surplus Lines Insurance Company v. Keller Transport, Inc.*, 2015 MT 6, ___ Mont.___, ___ P.3d ___.[1] Briefly, in April 2008, Keller leased a tanker truck from Wagner to transport gasoline to Kalispell, Montana. On Highway 35, adjacent to Flathead Lake, the truck's trailer traveled off the road, overturned, and spilled 6,380 gallons of gasoline. The gasoline flowed underneath the highway and beneath Homeowners' properties. Homeowners initiated a tort action against Keller and Wagner in Lake County.

---

[1] These two cases were consolidated for purposes of oral argument only. *See Order*, July 22, 2015.

3

¶4    Keller and Wagner were insured by Carolina Casualty Insurance Company (CCIC) under the same Commercial Transportation Policy. Keller and Wagner also had an excess insurance policy issued by Westchester. In late 2008, CCIC exhausted what it believed to be the limits of its policy and referred the defense of the matter to Westchester. Westchester undertook the defense until it exhausted what it believed to be the limits of its excess policy, at which point it referred the case back to CCIC. CCIC agreed to resume the defense. There was a brief delay before defense payments were re-initiated by CCIC. Months later, CCIC filed a declaratory action in Missoula County seeking a determination of the duties of CCIC and Westchester to Keller and Wagner. Homeowners then made claims that asserted there was additional coverage under both of the policies. CCIC and Westchester pled this coverage question in the declaratory action. Later, months after payments for defense of Keller and Wagner in this action were re-initiated, Homeowners entered stipulated judgments with Keller and Wagner in the amount of $13,066,474, in which Homeowners agreed to "limit collection by any legal means only upon and against" Keller's and Wagner's insurers.

¶5    CCIC and Westchester then moved to intervene in this action, arguing they had a right to a reasonableness determination of any damage award. The District Court issued an order stating it would not rule on the insurers' motion to intervene until the coverage issue had been determined in the Missoula County declaratory judgment action. The District Court in the declaratory judgment action held that both policies provided additional coverage, and that Westchester had breached its duty to defend. The District

4

Court in this action then dismissed CCIC's and Westchester's motion to intervene, holding they were liable for the entire confessed judgment. Westchester timely appealed that order. CCIC has since settled all of its claims with Homeowners.

¶6 An issue is moot if the issue presented at the outset of the action has ceased to exist. *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867. "Mootness is a threshold issue which we must resolve before we may address the substantive merits of a dispute." *Stuivenga*, ¶ 17 (citation omitted).

¶7 Whether the District Court abused its discretion in denying Westchester's motion to intervene has been mooted by our decision in *Westchester*. There, we held that Westchester did not breach the duty to defend and was not liable for the stipulated judgment. *Westchester*, ¶ 33. Therefore, Westchester no longer has an interest in intervening in this action to determine the reasonableness of a judgment for damages to which it is not bound.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER